UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| GINA CARDENAS,<br><br>Plaintiff,<br><br>v.<br><br>NATIONWIDE CAPITAL SERVICES, LLC,<br>doing business as, NCS & ASSOCIATES,<br>LLC,<br><br>Defendant. | Civil Action No. 5:24-cv-00643-XR |

## FIRST AMENDED COMPLAINT

**NOW COMES** Gina Cardenas ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of Nationwide Capital Services, LLC, doing business as, NCS & Associates, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq.*, and the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. §392 *et. seq.*

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Western District of Texas, and Defendant conducts business in the Western District of Texas, and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Texas.

### PARTIES

5. Plaintiff is a natural person over 18-years-of-age who, at all relevant times, resided in the Western District of Texas.

6. Plaintiff is a "consumer" as defined by 15 U.S.C §1692a(3).

7. Defendant is a third party debt collector and debt purchaser who routinely purchases consumer debts for pennies on the dollar and subsequently attempts to collect upon those purchased debts. Defendant is a corporation organized under the laws of the state of Nevada with its principal place of business located at 4300 East Sunset Road, Suite D1, Henderson, Nevada 89014.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) the principal purpose of Defendant's business is the collection of defaulted debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

10. The instant action stems from Defendant's attempt to collect upon a personal debt ("subject debt") Plaintiff purportedly incurred through WiseLoan some time ago.

11. In early 2023, Plaintiff received a letter from Defendant seeking to collect on the allegedly defaulted subject debt.

12. Believing the subject debt was being reported inaccurately on Plaintiff's consumer credit reports, Plaintiff disputed the subject debt with Defendant shortly thereafter.

13. Specifically, on April 9, 2024, Plaintiff sent a detailed dispute letter to Defendant via First Class Mail by paying $1.13. *See* Exhibit A, a true and correct copy of Plaintiff's dispute letter sent to Defendant and accompanying TransUnion credit report.

14. Plaintiff's dispute letter stated, in pertinent part: "I am disputing the accuracy of the below information. Please mark it disputed on my credit report effective immediately." *Id.*

15. On May 22, 2024, Plaintiff obtained her credit reports and noticed that Defendant continued to report the subject debt as "collection/charge-off," and with a balance of $1,453.00, including its failure to notate the subject debt as disputed. *Id.*

16. Despite disputing the subject debt with Defendant, Defendant continues to report on Plaintiff consumer credit reports without marking the tradelines as disputed, specifically on Plaintiff's TransUnion consumer credit reports.

17. Plaintiff was perplexed by Defendant's failure to communicate to TransUnion that the subject debt was disputed, especially given the fact that Defendant re-reported the subject debt to TransUnion on May 15, 2024, which was well after Plaintiff's dispute with Defendant. *Id.*

18. As of today, Defendant has failed to notify TransUnion regarding Plaintiff's dispute of the subject debt, and has continued to disseminate false information regarding Plaintiff to one or more third parties.

19. Defendant's erroneous reporting of the subject debt continues to paint a false and damaging image of Plaintiff. Defendant has yet to update the subject tradeline to report accurately and completely.

20. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to regain a firm foothold on her creditworthiness, credit standing, credit capacity, and her ability to move forward financially.

21. The inaccurate and incomplete reporting of subject debt continues to have significant adverse effects on Plaintiff's credit rating because it creates a false impression that Plaintiff agrees with Defendant's reporting of the subject debt, rendering Plaintiff a high-risk consumer and damaging her creditworthiness.

**DAMAGES**

22. Defendant's conduct and disputed credit reporting has caused Plaintiff concrete harm, including but not limited to: out of pocket expenses, a decreased credit score, the dissemination of false information to one or more third parties, the loss of credit and/or the loss of ability to purchase and benefit from a credit line, loss of sleep, expending time addressing and dealing with Defendant's unfair and false conduct, and a violation of her state and federally protected interests to be provided clear and accurate information regarding the debt serving as the basis of Defendant's collection efforts.

23. Concerned about the violations of her rights, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

24. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

26. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

27. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail, the telephones, and credit reporting to collect defaulted accounts allegedly owed to a third party.

28. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was allegedly in default. 15 U.S.C. §1692a(6).

29. Defendant used credit reporting to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

30. Defendant violated 15 U.S.C. §1692e(8), and f through its unlawful debt collection practices.

   a. **Violations of FDCPA § 1692e**

31. Defendant violated §1692e(8) by communicating false and inaccurate credit reporting information regarding the subject debt to Plaintiff, including the failure to notate the subject debt as disputed. Defendant knew or should have known that the subject debt was disputed by Plaintiff after Plaintiff sent Defendant a detailed dispute letter explicitly disputing the subject debt.

32. Moreover, Defendant violated §1692e(8) by failing to notate to the credit reporting agency, that the subject debt was disputed by Plaintiff. Specifically, Defendant failed to notate the subject debt as "disputed" to one or more credit reporting agencies, including TransUnion after it re-reported the subject debt on May 15, 2024.

33. As an experienced debt collector, Defendant knew or should have known the ramifications of using deceptive and misleading means to attempt to collect a debt.

### b. Violations of FDCPA § 1692f

34. Defendant violated §1692f by using unfair means in connection with the collection of the subject debt by knowingly not marking the subject debt as disputed in Plaintiff's TransUnion consumer credit reports.

35. Plaintiff informed Defendant of her dispute in writing, but rather than being mindful of Plaintiff's dispute, Defendant disregarded Plaintiff's contentions and knowingly continued to unfairly report false and incomplete information to the credit bureaus.

36.

37. Defendant intentionally misled Plaintiff believing that her disputes were not addressed in order to generate additional profits.

38. Furthermore, Defendant's conduct is also in violation of 15 U.S.C. § 1681s-2(a)(3) of the Fair Credit Reporting Act ("FCRA"); and while the FCRA itself does not afford Plaintiff any private remedies for violations under this provision, Defendant's willful abuse of the same is further evidence of its unfair and unconscionable behavior.

39. As alleged above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff GINA CARDENAS respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Enjoin Defendant to delete or update the subject tradeline to report accurately and completely;
c. Enjoin Defendant from continuing to contact Plaintiff;
d. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
e. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
f. Award any other relief as this Honorable Court deems just and proper.

**COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT**
(Tex. Fin. Code Ann. § 392 *et seq*.)

40. Plaintiff restates and realleges paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

42. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. §392.001(6).

43. Section 392.202(a) of the Texas Finance Code prohibits:

> "An individual who disputes the accuracy of an item that is in a third-party debt collector's or credit bureau's file on the individual and that relates to a debt being collected by the third-party debt collector may notify in writing the third-party debt collector of the inaccuracy. The third-party debt collector shall make a written record of the dispute." Tex. Fin. Code Ann. §392.202(a).

44. Defendant violated Tex. Fin. Code Ann §392.202(a) by failing to make a written record to the credit reporting agency, that the subject debt was disputed by Plaintiff. Specifically, Defendant failed to notate the subject debt as "disputed" to one or more credit reporting agencies, including TransUnion after it re-reported the subject debt on May 15, 2024.

45. Section 392.304(a)(8) of the Texas Finance Code prohibits:

> (a) Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices: (8) misrepresenting the character, extent, or amount of a consumer debt...
> Tex. Fin. Code Ann. §392.304(8).

46. Defendant violated Tex. Fin. Code Ann. §§ 392.304(a) by providing false information regarding the character of the subject debt to one or more third parties, including TransUnion.

47. As alleged above, Plaintiff disputed the subject debt to Defendant and Defendant failed to credit report completely and accurately the subject debt to TransUnion after it re-reported the subject debt on May 15, 2024.

48. Specifically, by representing to the credit bureaus that the subject debt was not disputed and was in collections falsely and misleadingly misrepresented the character of the subject debt.

49. As pled above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff GINA CARDENAS respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Finding that Defendant violated Tex. Fin. Code Ann. §§ 392.202 and 392.304;
c. Awarding Plaintiff injunctive relief pursuant to § 392.403(a)(1);
d. Awarding Plaintiff actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
e. Awarding Plaintiff reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b);
f. Awarding Plaintiff statutory damages pursuant to § 392.403(e) for each violation;
g. Award any other relief as this Honorable Court deems just and appropriate

**Plaintiff demands trial by jury.**

Dated: September 12, 2024                                       Respectfully Submitted,

/s/ Marwan R. Daher
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Guards Law, LLC
15255 S. 94th Ave.
Suite 500
Orland Park, Illinois 60462
Telephone: (708) 304-3003
mdaher@guardslaw.com